## SLAUGHTER v. SLAUGHTER.

1. DIVORCE—CUSTODY OF SON—CHANGE OF CIRCUMSTANCES.
    Where, since decree of divorce to father in military service awarding custody of 11-year-old son to mother, it appears son who was sent to boarding school with which he has become very dissatisfied and father has remarried and established a new home on a farm where son is welcome, order awarding custody of son to father is affirmed in view of changed conditions.

2. SAME—CUSTODY OF DAUGHTER.
    No change is made as to custody of 8-year-old daughter previously awarded to mother on father's petition where he failed to make a convincing showing for change of custody of such child.

3. SAME—COSTS.
    No costs are awarded on appeal from amended decree of divorce where neither party fully prevails on appeal.

REFERENCES FOR POINTS IN HEADNOTES
[1-3] 17 Am. Jur., Divorce and Separation, § 684 *et seq.*

Appeal from Berrien; Hartrick (George B.), J., presiding. Submitted April 7, 1948. (Docket No. 31, Calendar No. 43,825.) Decided June 14, 1948.

Divorce proceedings between Viola Slaughter and Joseph Slaughter. On petition of defendant to amend decree as it relates to custody of minor children. Decree amended. Plaintiff appeals. Affirmed.

*Charles W. Gore,* for plaintiff.

*Butzbaugh & Ryan,* for defendant.

REID, J. This is an appeal from a decree amending the terms of a decree of divorce and awarding the custody of the son of the parties to the father, the defendant, but leaving the custody of the daughter with the mother, the plaintiff. Plaintiff appeals and defendant cross-appeals.

Defendant obtained a decree of divorce on his cross bill, February 23, 1945, while he was serving in the United States marines. The decree awarded the custody of the daughter Frances Marian, 8 years of age, and of the son, Joseph Hudson Slaughter II (Joey), 11 years of age, both to plaintiff. Both children were then in private boarding schools and not living with their mother, of which fact defendant was uninformed, being away in the service.

Defendant returned from the service the last part of November or early December, 1945. Defendant filed a petition to amend the divorce decree to award the custody of both children of the parties to defendant, December 5, 1946. Defendant married his present wife Neva, September 8, 1946. Neva is the mother of three children by her former marriage; the children are 12, 10, and 7 years of age. Defendant with his wife Neva and her three children live on a farm owned by her father, 2½ miles from Mendon. Ar-

rangements are being made whereby the title to the entire farm is to be taken in the names of defendant and Neva. Defendant expected to relocate his business, manufacturing surgical instruments, to Mendon. There was testimony that Joey is not happy at his boarding school, Barber Hall. Defendant testified:

"He [Joey] acts very happy when I go to get him —he smiles. When I have him at Mendon he acts the same way. He has a very good time. When I have taken him back to Barber Hall he has cried on numerous occasions when taking him back."

.. At the defendant's farm a school bus conveys Neva's children to Mendon consolidated school in town.

Concerning Joey, the court said:

"I think the way this young lad feels at the present time—the way Joey feels he will be a whole lot more happy and satisfied if he is with his father in his home than he is down in the school. He has indicated that to me and his expressions to me makes me inclined to feel that I should determine the matter that way. I think you may prepare an order, at least for the time being that the child Joey shall have the right to live with his father and in his father's home in Mendon."

Defendant claims that neither plaintiff Viola nor her present husband, Dr. Ozeran, wish Joey to live in their home with them. Defendant claims his wife Neva and her children all desire Joey to live with them. Defendant's residence near Mendon is well kept and there is convincing testimony that defendant's wife Neva is a dutiful wife and a good mother in caring for her children.

The fact that the mother is willing to or of necessity must continue to leave the boy in a boarding school a long distance from her home rather than to

give him her personal attention, training and affection, lessens the desirability of leaving the boy in her custody. Since the decree of divorce there have developed cogent reasons for the awarding of the custody of the son Joey to his father, the defendant. The dissatisfaction of the son in the boarding school is a matter that has developed since the divorce decree. Defendant has remarried and the fact of his being out of service and having established a home suitable to rear his young son and give his son his personal care and parental affection is a matter that has come about since the decree. A good home is considered better as a place to rear a young son than even a good boarding school.

Defendant did not make a convincing showing for change of the custody of the daughter Frances Marian.

We concur in the conclusion of the trial judge that the interests of the son, Joseph Hudson Slaughter II, will be best served by awarding his custody to his father, the defendant. The custody of the daughter, Frances Marian Slaughter, is properly left with her mother.

The amendatory decree appealed from is affirmed. No costs.

BUSHNELL, C. J., and SHARPE, BOYLES, NORTH, DETHMERS, BUTZEL, and CARR, JJ., concurred.